903 F.2d 919
 134 L.R.R.M. (BNA) 2359, 115 Lab.Cas. P 10,095,
12 Employee Benefits Ca 1531
 INTERNATIONAL BROTHERHOOD OF TEAMSTERS, JOINT COUNCIL 18 and
Victor C. Olivadoti, Plaintiffs-Appellants-Cross-Appellees,
v.
The NEW YORK STATE TEAMSTERS COUNCIL HEALTH AND HOSPITAL
FUND, The Trustees of the New York State Teamsters Council
Health & Hospital Fund, James M. Carlton, Everett L.
Campbell, James A. Hood, John Pryshlak, Nicholas Robilotto,
Ervin Walker, Defendants-Appellees-Cross-Appellants.
 Nos. 535, 572 Dockets 89-7674, 89-7708.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 18, 1989.
Decided May 18, 1990.
 
 Robert M. Baptiste, Washington, D.C. (Baptiste & Wilder, P.C., Roland P. Wilder, Jr., Christy Concannon, Baker Clark & Satter, Syracuse, N.Y., Mimi C. Satter, of counsel), for plaintiffs-appellants-cross-appellees.
 James J. Kelly, Washington, D.C. (Morgan, Lewis & Bockius, Thomas K. Wotring, Kevin L. Wright, Blitman & King, Syracuse, N.Y., Bernard T. King, Jules L. Smith, of counsel), for defendants-appellees-cross-appellants.
 Before OAKES, Chief Judge, PRATT, Circuit Judge, and LEONARD B. SAND, District Judge for the Southern District of New York, sitting by designation.
 GEORGE C. PRATT, Circuit Judge:
 
 
 1
 On these cross-appeals, we are asked to decide two issues. The first is whether a redistribution of the power to appoint and remove the employee trustees of an employee benefit fund violates either the Labor Management Relations Act ("LMRA") or the Employee Retirement Income Security Act ("ERISA"). Because we conclude that the challenged amendment has no impact on the distribution of power between employer trustees and employee trustees, we hold that it violates neither LMRA nor ERISA. The second issue is whether the defendants are entitled to attorneys' fees. Because the district court did not state any reasons for its denial of this request, we remand on this issue.
 
 
 2
 Joint Council 18 of the International Brotherhood of Teamsters ("Joint Council 18") and Victor C. Olivadoti, who is president of Joint Council 18 and a trustee of the New York State Teamsters Council Health and Hospital Fund (the "fund"), appeal from a summary judgment of the United States District Court for Northern District of New York, Neal P. McCurn, Chief Judge, dismissing their claim that an amendment to the fund trust agreement, implemented on February 24, 1988, violated LMRA and ERISA. The fund and its remaining trustees, the defendants in the district court, cross-appeal from the district court's refusal to award them attorneys' fees and costs. For the reasons that follow, we affirm the dismissal of plaintiffs' claims, but remand the action to the district court for appropriate findings with regard to its denial of attorneys' fees and costs.
 
 BACKGROUND
 
 3
 The fund is a welfare benefit trust fund established pursuant to Sec. 302(c)(5) of LMRA, 29 U.S.C. Sec. 186(c)(5) (1978), and maintained in compliance with ERISA, 29 U.S.C. Sec. 1104(a)(1)(B) (1985). It was created in 1952 to provide health benefits to employees through contributions made by participating employers in accordance with collective bargaining agreements between the employers and local unions. The original trust agreement was executed by employer trustees appointed by contributing employers and employee trustees appointed by the New York State Teamsters Council, later redesignated as Joint Council 18. At that time Joint Council 18 was comprised of all the local teamsters unions in New York State located outside of New York City. The trust agreement has been amended from time to time.
 
 
 4
 From 1976 to 1988, the fund was administered by a board of trustees consisting of four employee representatives and four employer representatives. Under the trust agreement, employee trustees were chosen in accordance with the rules and regulations of Joint Council 18 and were automatically replaced by Joint Council 18 at the end of their regular four-year terms "unless removed by [Joint Council 18]." Employer trustees, by contrast, were selected and subject to removal by representatives of participating employers. These representatives were chosen by "[t]he Board of Trustees as a whole".
 
 
 5
 In 1986 the employer trustees and the New York State Trucking Employers Association sued the employee trustees in federal district court, alleging that the procedures used to select the employer trustees for the fund improperly allowed the employee trustees to participate in the selection. New York State Trucking Employers Ass'n, Inc. v. DePerno, No. 86-CIV-234 (N.D.N.Y.). That action was settled in February of 1987, under an agreement that provided in part that the employee trustees would "not participate or become involved in any way in the process of selecting, seating or removing the Employer Trustees to the [fund]". The settlement also provided that the employer trustees would refrain from any involvement in the selection or removal of employee trustees.
 
 
 6
 On February 24, 1988, the board of trustees adopted, by a five to one vote, an amendment to the trust agreement that changed the selection and removal process for trustees. Of particular relevance to this lawsuit, the amendment eliminated the unilateral authority of Joint Council 18 to designate employee trustees. Instead, the amendment distributes that power among the local unions participating in the fund and the three joint councils that represent these local unions. Specifically, whenever a vacancy exists, the three joint councils separately nominate prospective replacements, who must be either elected officers or designated representatives of a participating local union. The existing employee trustees then select, by majority vote, a new trustee from the list of those nominated by the councils. No local union may have more than one trustee on the board at any time.
 
 
 7
 The procedure for removing employee trustees was also significantly altered. Under the amended agreement, employee trustees are automatically replaced at the end of their regular four-year terms, "unless removed as required by law or by unanimous vote of the remaining existing employee Trustees." An employee trustee must also be replaced if he ceases to be an elected officer or designated representative of one of the participating locals.
 
 
 8
 Procedures for selecting and removing employer trustees are similar to those for employee trustees, with one significant difference: employer trustees can be removed "by a vote of two-thirds or more of the employers who contribute to the Fund". Employee trustees, by contrast, are not subject to removal by a two-thirds, or any other, vote of the local unions.
 
 
 9
 Joint Council 18 and Olivadoti, the one trustee who voted against the amendment, filed the present action against the fund and the remaining trustees on January 17, 1989. They claimed that the amendment violated both the equal representation and "rational nexus" requirements of LMRA, and constituted a breach of the trustees' fiduciary duties under ERISA. Defendants counterclaimed to recover attorneys' fees and costs. On May 31, 1989, the district court granted summary judgment in favor of defendants on the LMRA and ERISA claims, but denied defendants' request for attorneys' fees and costs. Joint Council 18 and Olivadoti appeal the dismissal of their LMRA and ERISA claims; defendants appeal the denial of fees and costs.
 
 DISCUSSION
 
 10
 A. LMRA Claims.
 
 
 11
 Joint Council 18 and Olivadoti contend that the new procedure for appointing and removing employee trustees upsets the balance of power in the administration of the fund and therefore violates the equal representation requirement of Sec. 302 of LMRA, 29 4 U.S.C. Sec. 186(c)(5). They also argue that the amendment does not further the purposes of Sec. 302: they claim that by stripping Joint Council 18 of its accustomed power to designate employee trustees, the amendment makes the removal of these trustees more difficult, and this, they claim, creates the potential for abuse.
 
 
 12
 Section 302(c)(5) of LMRA exempts from its criminal prohibitions employer contributions to employee benefit funds that satisfy certain structural requirements. One of these requirements is that employees and employers must be "equally represented" in the administration of the fund. This equal representation requirement provides an important safeguard against trust fund corruption by "prevent[ing] any misuse of those funds by union officers who would otherwise have sole control over vast amounts of money contributed by the employer." N.L.R.B. v. Amax Coal Co., 453 U.S. 322, 330 n. 13, 101 S.Ct. 2789, 2794 n. 13, 69 L.Ed.2d 672 (1981).
 
 
 13
 Section 302 requires that employers and employees be equally represented on a fund's board of trustees. The statute is aimed at balancing the interests of employers as a group with employees as a group; it is not concerned with the allocation of power within either group. The section "only requires equality between the trustees representing the unions and those representing the employer, and not parity between the representatives of each union." Culinary & Service Employees Union, AFL-CIO Local 555 v. Hawaii Employee Benefit Administration, Inc., 688 F.2d 1228, 1231-32 (9th Cir.1982). For this reason, the section is not relevant to disputes among union factions.
 
 
 14
 Under the challenged amendment, Joint Council 18 has lost its dominant power over employee trustees. This power has now been disseminated among other joint councils and local unions. But the amendment did not affect the balance of power between employers and employees; they are still equal as required by the statute. While Joint Council 18's historical control of the selection and removal process has been eroded by the amendment, this shift in power toward other councils and the local unions increases rather than decreases accountability of the employee trustees, for there are ample opportunities under the amendment to remove employee trustees. Employee trustees can be removed "as required by law" or by "unanimous vote of the remaining existing employee Trustees" and a trustee must be removed if he ceases to be either "an elected local union officer of a participating local union, or a representative of such participating local union officially designated by such local union."
 
 
 15
 Seeking to support their argument that the amendment violates the "equally represented" standard of Sec. 302, Joint Council 18 and Olivadoti point to two district court cases: Mobile, Alabama-Pensacola, Florida Building and Construction Trades Council v. Daugherty, 684 F.Supp. 270 (S.D.Ala.1988), and Teamsters Local No. 145 v. Kuba, 631 F.Supp. 1063 (D.Conn.1986). However, in both these cases, where courts rejected amendments to provisions for appointment and removal of trustees, employee trustees had adopted provisions designed to prevent their own removal. The amendment that Joint Council and Olivadoti contest has the opposite effect--it makes easier the removal of employee trustees and is therefore consistent with the objectives of Sec. 302.
 
 
 16
 Joint Council 18 and Olivadoti also claim that the motive of the defendants in adopting the amendment was to permit the incumbent trustees to retain their positions and that the amendment therefore has no rational nexus to the requirement of Sec. 302 that a fund be maintained "for the sole and exclusive benefit of the employees". As already noted, however, the amendment tends to further the interests of LMRA by dispersing the appointing and removing power more widely among the employees. See Arroyo v. United States, 359 U.S. 419, 425-26, 79 S.Ct. 864, 868-69, 3 L.Ed.2d 915 (1959) (In passing LMRA, Congress was concerned about "the possible abuse by union officers of the power which they might achieve if welfare funds were left to their sole control."). Because the amendment properly furthers this important interest, we see no reason to probe further into the motives of the trustees in adopting it.
 
 
 17
 B. ERISA Claim.
 
 
 18
 Joint Council 18 and Olivadoti base their ERISA argument on the same unsupported accusation they advance in the context of their LMRA argument--that the trustees adopted the amendment to frustrate attempts to remove them. ERISA requires a trustee to discharge his duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims". 29 U.S.C. Sec. 1104(a)(1)(B). Joint Council 18 and Olivadoti assert that the trustees' adoption of an amendment that made their removal more difficult was imprudent and a violation of their fiduciary duty. As we have seen, however, the amendment tends to reduce, not increase, the opportunities of employee trustees to entrench themselves. In addition, the minutes of the February 24th meeting clearly indicate that the amendment was adopted, at least in part, as a response to the lawsuit that had challenged the process for selecting trustees, a fact that suggests that the amendment was not adopted cavalierly, unthinkingly, or without regard for its legal consequences. For these reasons, the amendment does not violate the trustees' fiduciary duty under ERISA.
 
 
 19
 As we stated in Miles v. New York State Teamsters Conference Pension & Retirement Fund Employee Pension Benefit Plan, 698 F.2d 593 (2d Cir.1983), "lawful, discretionary acts of a pension committee should not be disturbed, absent a showing of bad faith or arbitrariness." Id., at 599 (Citations omitted). Plaintiffs here have failed to meet their burden of showing that the trustees acted illegally, in bad faith or arbitrarily. LMRA and ERISA provisions cannot be used as weapons in battles between union factions. The challenged amendment affects only the distribution of power among the unions and the unions' joint councils, and it does not operate to entrench the employee trustees. Since it was adopted with proper prudence and diligence and to achieve a legitimate purpose, the amendment does not violate the requirements of either LMRA or ERISA.
 
 
 20
 C. Attorneys' Fees and Costs.
 
 
 21
 Having prevailed on the ERISA claim, the defendants assert that they are entitled to attorneys' fees under Sec. 502(g)(1) of ERISA, 29 U.S.C. Sec. 1132(g)(1). The defendants claim that the litigation was unjustified and so Joint Council 18 should bear its cost. Ordinarily, district courts apply a five-factor test when determining whether attorneys' fees are appropriate. Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir.1987). While the awarding of attorneys' fees "is discretionary, not mandatory", Fase v. Seafarers Welfare and Pension Fund, 589 F.2d 112, 116 (2d Cir.1978), whichever way it exercises its discretion, a district court should make specific findings regarding the matter. Cf. Klein v. Shields & Co., 470 F.2d 1344, 1348 (2d Cir.1972) (holding that in a case involving attorneys' fees under Section 11(e) of the Securities Act of 1933, the district court erred when it failed to articulate findings of fact and conclusions of law with respect to attorneys' fees).
 
 
 22
 Because the district judge failed to articulate any reason for his decision to deny attorneys' fees, we remand with a direction to make appropriate findings on the issue. We recognize the broad discretion a district court has in making this ultimate determination, and we express no opinion on the merits of the question.
 
 CONCLUSION
 
 23
 The district court's dismissal of Joint Council 18 and Olivadoti's claims is affirmed. The cross-appeal is remanded to the district court to make appropriate findings on the attorneys' fee issue.