18 F.3d 60
 89 Ed. Law Rep. 1080, 4 A.D.D. 493
 W.G., As Sister And Next Best Friend On Behalf Of D.G.,
Plaintiff-Appellant,
David Ortiz, As Brother And Next Best Friend On Behalf of
D.O.; Robert Roy, As Father and Next Best Friend
On Behalf Of Johnny Doe, Intervenor-Plaintiffs,
v.
Rose Ann SENATORE, Commissioner, Connecticut Department of
Children & Youth Services; Connecticut Department of
Children & Youth Services; Dolores Woodward, Superintendent
of Schools, Unified School District II; Waterford Country
School, Inc., Defendants-Appellees.
 No. 809, Docket 93-7711.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 13, 1993.
Decided Feb. 15, 1994.
 
 1
 William H. Clendenen, Jr., New Haven, CT (Douglas M. Crockett and Anne Blanchard, Connecticut Legal Services, Inc., of counsel), for plaintiff-appellant.
 
 
 2
 Ann-Marie DeGraffenreidt, Asst. Atty. Gen., State of Conn., Hartford, CT (Susan T. Pearlman and Rachel M. Baird, Asst. Attys. Gen., of counsel), for defendants-appellees.
 
 
 3
 Before: MINER and WALKER, Circuit Judges, and MUNSON, Senior District Judge.*
 
 MUNSON, Senior District Judge:
 
 4
 Plaintiff-appellant W.G. filed this appeal from a July 8, 1993 order entered in the United States District Court for the District of Connecticut, Covello, J., denying her post-settlement motion pursuant to 20 U.S.C. Sec. 1415(e)(4) for attorney's fees and costs in a one-word order written in the margin of the fee application. The district court had previously dismissed the complaint for lack of subject matter jurisdiction, but the parties settled while an appeal of that dismissal was pending, thus prompting the fee application. W.G. argues that the district court erred both procedurally and on the merits in denying the fee application. Procedurally, W.G. asserts that the district court is required by Fed.R.Civ.P. 52(a) to provide a statement of its findings of fact and conclusions of law in ruling on the fee application, and that the court's failure to do so in this case warrants reversal. On the merits, W.G. argues that the settlement achieved the "precise" relief sought on behalf of D.G., thereby making W.G. a successful plaintiff despite the district court's prior dismissal of the complaint on jurisdictional grounds. W.G. contends that defendants-appellees, by settling the case, have conceded the viability of the underlying fee-generating claim, and therefore the district court's denial of W.G.'s motion for an award of fees and costs should be reversed. W.G. adds that the district court's denial of the motion discourages settlement, thus contradicting both the public policy in favor of settlement and this court's policy of stimulating settlement during the pendency of an appeal.
 
 
 5
 Because we conclude that no subject matter jurisdiction existed for the district court to consider the merits of the fee application, we affirm the July 8, 1993 denial.
 
 BACKGROUND
 
 6
 D.G. is a multiply disabled minor eligible for special education and other services authorized under state and federal law. W.G. is his sister and closest living relative. In 1985, at age fourteen, D.G. was committed to the State of Connecticut's Department of Children & Youth Services ("DCYS"), and was institutionalized with a residential placement at the Waterford Country School ("Waterford") until December 9, 1991. From September to December 1991, D.G. had been exhibiting increasingly disruptive behavior. He was hospitalized at psychiatric institutions on several occasions in an attempt to address the disruptive behavior, but each time was returned to his placement at Waterford. In early December 1991, D.G. was in the Natchaug Psychiatric Hospital to address his recurring behavioral problem when DCYS and Waterford announced that D.G.'s placement at Waterford was terminated effective December 9, 1991. W.G. objected, filing the instant lawsuit in the United States District Court for the District of Connecticut on January 7, 1992 and amending the complaint on February 19, 1992. W.G. alleged a host of violations of the Individuals With Disabilities Education Act (IDEA), 20 U.S.C. Secs. 1400-1485, Sec. 504 of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794, the Due Process Clause of the Fourteenth Amendment to the United States Constitution in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Sec. 1983, and the Americans with Disabilities Act of 1990, 42 U.S.C. Sec. 12132. W.G. included a jurisdictional statement that the district court could hear the claims pursuant to 20 U.S.C. Sec. 1415(e), 28 U.S.C. Secs. 1331, 1343(3) and (4), 2201, 2202, 29 U.S.C. Sec. 794, and 42 U.S.C. Secs. 1983, 12133. W.G. sought declaratory and injunctive relief to compel defendants-appellees' adherence to applicable statutory and constitutional provisions, and particularly to require that D.G.'s placement at the Waterford Country School be reinstated and compensatory special education be provided by DCYS to redress its past and present failure to meet D.G.'s needs. The complaint included a claim for costs and reasonable attorney's fees.
 
 
 7
 On January 10, 1992 the district court held a hearing, at the conclusion of which the court denied W.G.'s requests for a temporary restraining order and a preliminary injunction to reinstate D.G.'s residential placement at Waterford. On March 9, 1992 W.G. voluntarily dismissed the complaint against Waterford Country School. On that same date a second hearing was held, during which the court undertook to clarify the actual relief W.G. was seeking against the remaining defendants and the best way to proceed to achieve that relief. The following day, defendants-appellees filed a motion to dismiss the complaint on the ground that W.G. failed to exhaust the administrative remedies provided under the IDEA, 20 U.S.C. Sec. 1415, and alternatively that the relief sought in the complaint was in large part moot given W.G.'s concession that she was no longer seeking to have D.G. reinstated at Waterford.
 
 
 8
 In a decision filed on June 18, 1992, the district court ruled in defendants-appellees' favor on both arguments. The court held that W.G. failed to exhaust administrative remedies or demonstrate how exhaustion would have been futile or inadequate in this case, thereby depriving the court of subject matter jurisdiction over the IDEA claims. Similarly, the court held that it was precluded from exercising jurisdiction over the Rehabilitation Act, Americans with Disabilities Act, and Fourteenth Amendment due process claims by W.G.'s failure to exhaust administrative remedies as required by the IDEA, 20 U.S.C. Sec. 1415(f). The court further ruled that, because D.G. did not want to return to Waterford and was in fact being provided with satisfactory educational services through his current placement at Norwich State Hospital, the court had no jurisdiction to speculate on potential future causes of action. Therefore, by judgment dated June 19, 1992, the case was dismissed in its entirety.
 
 
 9
 W.G. moved pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter and reconsider the court's June 19, 1992 Judgment based on factual errors in the June 18, 1992 Ruling as well as a substantial change in circumstances which occurred on June 17, 1992. On that date, with the consent of DCYS, D.G. was moved from Norwich State Hospital to a therapeutic home operated by Brown and Sullivan, Inc. But, according to W.G.'s motion to reconsider, D.G. had yet to receive any educational services at his new placement. The implication from W.G.'s argument was that the court's previous determination of mootness based on the adequate provision of services to D.G. at Norwich State Hospital was no longer correct since D.G. had moved to a new placement. The court granted W.G.'s motion to reconsider on July 2, 1992; however, the court found no basis for altering its prior analysis and therefore ordered the June 18, 1992 Ruling to stand. W.G. then appealed.
 
 
 10
 On February 25, 1993, upon submission of a joint stipulation withdrawing the appeal conditioned on a settlement negotiated with the assistance of a Second Circuit staff attorney, the appeal was dismissed pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. The terms of the settlement bound defendants-appellees to extend until December 31, 1994 their obligation to provide D.G. with a free appropriate public education and a twenty-four hour per day residential program. The parties also stipulated that the appeal was "withdrawn without costs and without attorney's fees." Joint Stipulation of Withdrawal, Appendix, at 348.
 
 
 11
 On March 17, 1993, plaintiff-appellant W.G. filed a motion in the district court for an award of attorney's fees and costs pursuant to 20 U.S.C. Sec. 1415(e)(4)(B). Defendants-appellees opposed the motion on the ground that the district court lacked subject matter jurisdiction to hear the motion since the underlying complaint had been dismissed on a jurisdictional basis. Defendants-appellees also asserted that W.G. was not a prevailing party for purposes of fee shifting, and that, even if she was, the amount claimed in attorney's fees was excessive. Handwriting the word "denied" in the margin of W.G.'s fee application, the district court denied the motion on July 8, 1993. This appeal followed.
 
 DISCUSSION
 
 12
 The court notes at the outset that this appeal is centered on the district court's July 8, 1993 denial of W.G.'s motion for attorney's fees and costs, not the June 18, 1992 Ruling or the June 19, 1992 Judgment of Dismissal. Our appellate review of the district court's decision regarding attorney's fees is narrow. Such a decision normally is subject to the deferential abuse of discretion standard. In re Bolar Pharmaceutical Co., 966 F.2d 731, 732 (2d Cir.1992) (per curiam). In the case at bar, however, it does not appear that the district court was required to exercise its discretion to rule on W.G.'s attorney's fees motion. The district court had already dismissed the complaint for lack of subject matter jurisdiction in its June 18, 1992 Ruling, based on W.G.'s failure to exhaust administrative remedies set forth in 20 U.S.C. Sec. 1415(b) and (c) as required by subsections (e) and (f), or to demonstrate the futility or inadequacy of such administrative remedies. The district court's Ruling also was based in part on W.G.'s concession that she no longer was seeking reinstatement for D.G. at Waterford, thereby mooting a significant portion of the relief requested in the complaint. Although the district court did grant reconsideration of its June 19, 1992 Judgment of Dismissal, the court found no grounds for altering its June 18, 1992 Ruling.
 
 
 13
 Thus, that Ruling was the law of the case in March 1993 when W.G. filed her motion pursuant to 20 U.S.C. Sec. 1415(e)(4)(B) for attorney's fees and costs. The intervening notice of appeal, joint stipulation of withdrawal conditioned on settlement, and dismissal of appeal pursuant to Fed.R.App.P. 42(b) did nothing to alter the district court's previous determination that it lacked subject matter jurisdiction to proceed with W.G.'s complaint. Therefore, when W.G. filed her fee application the district court had no alternative but to deny the application. In light of these circumstances, it would be inappropriate to classify the district court's denial as an exercise of discretion at all, much less an abuse of discretion. Rather, the district court's denial was compelled by time-honored principles expressing the limitations of subject matter jurisdiction in the federal courts.
 
 
 14
 It has long been acknowledged that the federal courts are courts of limited jurisdiction, empowered to act only within the bounds of Article III of the United States Constitution and statutes enacted by Congress stemming therefrom. Marbury v. Madison, 5 U.S. (1 Cranch) 137, 173-80, 2 L.Ed. 60 (1803); Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Neither the court by exercising its inherent equitable discretion, nor the parties by entering into a stipulation, can confer jurisdiction where none has been authorized. E.g., Mansfield, Coldwater & Lake Michigan Ry. v. Swan, 111 U.S. 379, 384, 4 S.Ct. 510, 28 L.Ed. 462 (1884) ("the judicial power of the United States must not be exerted in a case to which it does not extend, even if both parties desire to have it exerted"); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982) (consent of parties is irrelevant, as "no action of the parties can confer subject matter jurisdiction upon a federal court"); United States v. Town of N. Hempstead, 610 F.2d 1025, 1029 (2d Cir.1979) ("No amount of talk can confer subject matter jurisdiction upon a federal court. Nor can subject matter jurisdiction arise from the circumstance that the exercise of such judicial power is desirable or expedient."). Simply stated using the common law approach, when a determination is made that no jurisdiction lies, the district court has "no power to do anything but to strike the case from the docket." The Mayor v. Cooper, 73 U.S. (6 Wall.) 247, 250, 18 L.Ed. 851 (1868).[1]
 
 
 15
 In keeping with these principles, fee shifting provisions cannot themselves confer subject matter jurisdiction. Rather, such provisions must be read in conjunction with substantive statutes to establish proper jurisdiction over fee applications. For example, in the civil rights context, 42 U.S.C. Sec. 1988 empowers a court to award reasonable attorney's fees only to the prevailing party in a proceeding brought to enforce one of the substantive sections of the civil rights laws. Where there is no subject matter jurisdiction to proceed with the substantive claim, as a matter of law "[t]hat lack of jurisdiction bar[s] an award of attorneys fees under section 1988." Keene Corp. v. Cass, 908 F.2d 293, 298 (8th Cir.1990) (reversing district court's award of attorney's fees under Sec. 1988 after affirming district court's conclusion that it lacked subject matter jurisdiction under Sec. 1983); see also Smith v. Brady, 972 F.2d 1095, 1100 (9th Cir.1992) (addressing fee shifting in tax law context; failure to exhaust requisite administrative remedies precluded fee award); J.G. v. Board of Educ. of Rochester City Sch. Dist., 830 F.2d 444, 447 (2d Cir.1987) (recognizing questionable status of administrative exhaustion under IDEA's precursor, the Education of the Handicapped Act, appellate court avoided jurisdictional question by converting district court's decision on attorney's fees to an award under Sec. 1988 in light of plaintiff's success on parallel claims brought pursuant to Sec. 1983).
 
 
 16
 The IDEA fee shifting provision at issue in the instant case specifically limits judicial discretion to award attorney's fees to "any action or proceeding brought under this subsection." 20 U.S.C. Sec. 1415(e)(4)(B) (emphasis added). Given the district court's determination that it had no subject matter jurisdiction under either Sec. 1415(e) or (f) to consider the substantive claims raised in the complaint based on W.G.'s failure to exhaust administrative remedies set forth in Sec. 1415(b) and (c), as a matter of law the court had no subject matter jurisdiction to consider plaintiff-appellant's fee application pursuant to Sec. 1415(e)(4)(B). See Keene, 908 F.2d at 298. The stipulated settlement between W.G. and defendants-appellees cannot be used to induce the district court to exercise jurisdiction over the attorney's fee application when jurisdiction on the underlying substantive claims is lacking.[2] See Insurance Corp. of Ireland, 456 U.S. at 702, 102 S.Ct. at 2104. Thus, the district court properly declined W.G.'s invitation to act beyond the limits of its authority to consider the merits of the fee application. We therefore affirm the district court's July 8, 1993 order.[3]
 
 CONCLUSION
 
 17
 For the reasons set forth above, the district court's denial of W.G.'s motion for attorney's fees and costs is affirmed on the basis of a lack of subject matter jurisdiction. We do not reach the merits of the arguments raised regarding prevailing party status.
 
 
 
 *
 Honorable Howard G. Munson, Senior United States District Judge for the Northern District of New York, sitting by designation
 
 
 [1]
 This strict common law principle is tempered with several exceptions, including 28 U.S.C. Sec. 1919 (court "may order payment of just costs" upon dismissal of an action for lack of jurisdiction); 28 U.S.C. Sec. 1447(c) (order remanding a removed case for lack of subject matter jurisdiction "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal"); and Fed.R.Civ.P. 11 (sanctions authorized upon finding an abuse of judicial process, even if it is determined that the court lacks jurisdiction to proceed to the merits of the action). See Willy v. Coastal Corp., --- U.S. ----, ---- - ---- & n. 2, 112 S.Ct. 1076, 1079-81 & n. 2, 117 L.Ed.2d 280 (1992). None of these exceptions is applicable to the case before us
 
 
 [2]
 This critical point distinguishes the instant case from cases such as Maher v. Gagne, 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980), where the Supreme Court ruled that a plaintiff who prevails through settlement rather than litigation on the merits is still eligible for attorney's fees as a prevailing party. Jurisdiction over the fee application in Maher existed through 42 U.S.C. Sec. 1988, based on the successful settlement of claims over which the court had jurisdiction pursuant to 42 U.S.C. Sec. 1983. Jurisdiction over the fee application in this case is nonexistent, because there is no jurisdiction over the substantive Sec. 1415(e) claims
 
 
 [3]
 We note that, although Rule 52(a) of the Federal Rules of Civil Procedure does not require findings of fact or conclusions of law when a motion for attorney's fees is decided, the district court could have avoided some of the conjecture that has evolved regarding the rationale of its one-word order in this case simply by including a concise statement that its denial of the fee application was based on a lack of subject matter jurisdiction. Cf. International Bhd. of Teamsters v. New York State Teamsters Council Health and Hosp. Fund, 903 F.2d 919, 923-24 (2d Cir.) ("While the awarding of attorneys' fees is discretionary, not mandatory, whichever way it exercises its discretion, a district court should make specific findings regarding the matter." (internal quotations and citations omitted)), cert. denied, 498 U.S. 898, 111 S.Ct. 251, 112 L.Ed.2d 210 (1990)