**CP SOLUTIONS PTE, LTD., a Singapore corporation, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, et al., Defendants.**

**No. 3:04cv2150 (JBA)(WIG).**

United States District Court, D. Connecticut.

March 26, 2008.

---

Brian J. McCormack, Daniel J. Callahan, Daniel D. Do–Khanh, David E. Hayen, Stephen Z. Vegh, Callahan & Blaine, APLC, Santa Ana, CA, Elizabeth K. Acee, Rachel Reingold Mandel, Richard W. Bowerman, Tyler, Cooper & Alcorn, New Haven, CT, for Plaintiff.

John Higgins Kane, Melissa Sullivan, Sharina I. Talbot, Thomas J. Donlon, Robinson & Cole, Stamford, CT, Karen E. Woodward, Steven D. Di Saia, Sedgwick Detert Moran & Arnold, Los Angeles, CA, for Defendant General Electric Company.

## RULING ON MOTION OF CALLAHAN & BLAINE TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF [DOC. # 212] [1]

WILLIAM I. GARFINKEL, United States Magistrate Judge.

Pursuant to Rule 7(e), D. Conn. L. Civ. R., Callahan & Blaine, counsel of record for Plaintiff, CP Solutions PTE, Ltd. ("CPS"), has filed a motion to withdraw its appearance for good cause. Due notice was given to CPS,[2] to CPS's other counsel of record, Tyler, Cooper & Alcorn, LLP, and to CPS's counsel in the California legal malpractice action filed by CPS against Callahan & Blaine.[3] None of these individuals or entities has opposed the motion. Defendants, however, have opposed the motion on jurisdictional grounds. They argue that the district court's judgment dismissing this case for lack of subject matter jurisdiction bars this Court's consideration of the pending motion to withdraw. The Court disagrees and, find-

---

**1.** This motion has been docketed three times as Doc. # 212, Doc. # 215, and Doc. # 216. The three motions are identical with the exception that Doc. # 215 includes the Affidavit of David E. Hayen.

**2.** Notice was sent one month ago by certified mail and by Federal Express.

**3.** That action is *CP Solutions PTE, Ltd. v. Callhan & Blaine, A Professional Law Corporation, Daniel J. Callahan, Brian McCormack, David E. Hayen, Daniel Do–Khanh, Stephen Vegh, and Does 1 through 50, Inclusive,* Superior Court of the State of California for the County of Orange, Case No. 00101050 (filed Jan. 8, 2008).

ing good cause for Callahan & Blaine to withdraw as counsel of record for Plaintiff, grants the motion to withdraw.

### Discussion

It is well-settled that a federal court may impose Rule 11 sanctions and, in some circumstances, attorney's fees and costs, even where the court lacks subject matter jurisdiction over the underlying claim. *See Willy v. Coastal Corp.*, 503 U.S. 131, 136 & n. 2, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (citing 28 U.S.C. § 1919, authorizing the "payment of just costs" in an action dismissed for lack of jurisdiction; and 28 U.S.C. § 1447(c), authorizing attorney's fees and costs for wrongful removal); *Correspondent Services Corp. v. J.V.W. Investment Ltd.*, 524 F.Supp.2d 412, 421–22 (S.D.N.Y.2007) (holding that dismissal of action for lack of subject matter jurisdiction did not deprive the court of jurisdiction to award attorney's fees under the applicable state statute); *see generally 2 Moore's Federal Practice* § 11.23[4] (3d ed. 2007)("The absence of subject matter jurisdiction over the merits of a case does not prevent a district court from adjudicating the collateral issue of sanctions under Rule 11.").

In *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), the Supreme Court held that "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending.... [A]n imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." The Court held that because such an order did not require a district court to assess the legal merits of the case, it did not raise the constitutional issue of a court adjudicating the merits of a case or controversy over which it lacked jurisdiction. *Id.* at 396, 110 S.Ct. 2447; *see Willy v. Coastal Corp.*, 503 U.S. at 137–38, 112 S.Ct. 1076 (holding that a district court could impose Rule 11 sanctions in a case where it was later determined that the court lacked subject matter jurisdiction without running afoul of Article III); *Perpetual Securities, Inc. v. Tang*, 290 F.3d 132, 141 (2d Cir.2002) (holding that although the district court lacked jurisdiction to decide the merits of the underlying action, it retained the power to determine collateral issues, such as the appropriateness of sanctions); *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir.1999) (same); *Chemiakin v. Yefimov*, 932 F.2d 124, 127 (2d Cir.1991) (same); *see also Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27, 30 n. 4 (2d Cir.2003) (rejecting plaintiffs' argument that the district court lacked the power to enjoin them from filing other lawsuits after the court found that it lacked subject matter jurisdiction over the substance of their claims), *cert. denied sub nom. Ulysses I & Co. v. Feldstein*, 543 U.S. 812, 125 S.Ct. 49, 160 L.Ed.2d 15 (2004).

Defendants rely on the case of *W.G. v. Senatore*, 18 F.3d 60 (2d Cir.1994), in support of their position that this Court lacks jurisdiction to entertain the instant motion. This case, brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–1485, however, is distinguishable. In *Senatore*, the district court had dismissed the case for lack of subject matter jurisdiction due to plaintiff's failure to exhaust administrative remedies, as required by the IDEA. While an appeal of that dismissal was pending, the parties settled and plaintiff withdrew the appeal. Plaintiff then filed an application for attorney's fees under 20 U.S.C. § 1415(e)(4)(B), the IDEA fee-shifting statute, which allows a court to award attorney's fees in "any action or proceeding brought under this *subsection*." 18 F.3d at 65 (original

emphasis). The Second Circuit held that "[g]iven the district court's determination that it had no subject matter jurisdiction under either § 1415(e) or (f) to consider the substantive claims raised in the complaint ..., as a matter of law the court had no subject matter jurisdiction to consider plaintiff-appellant's fee application pursuant to § 1415(e)(4)(B)." *Id.* The Court observed that the stipulated settlement could not be used to induce the court to exercise jurisdiction over a fee application when jurisdiction over the underlying substantives claim was lacking. *Id.*

Likewise, the case of *Booth v. Bel,* No. 96 CIV. 8303, 1997 WL 16649 (S.D.N.Y. Jan.17, 1997), relied upon by Defendants, is distinguishable. In that case, plaintiff, faced with a meritorious ground for a motion to dismiss, had voluntarily withdrawn her Title VII sex discrimination complaint. Defendants then sought attorney's fees under Title VII, 42 U.S.C. § 2000e–5(k), arguing that they were "prevailing parties" and that plaintiff's action was "frivolous, unreasonable, or without foundation," both necessary prerequisites for a defendant to receive a fee award under Title VII. *See Booth,* 1997 WL 16649, at *1. The court held that it could not consider defendants' motion brought under Title VII because it lacked jurisdiction to do so. *Id.*

■ Thus, both *Booth* and *Senatore* concerned an award of attorney's fees that first would have required the court to assess the merits of a substantive claim over which the court had no jurisdiction. *See Correspondent Services Corp. v. J.V.W. Investment Ltd.,* 524 F.Supp.2d 412, 420–21 (S.D.N.Y.2007). In the instant case, however, the resolution of counsel's motion to withdraw in no way implicates the legal merits of the underlying action over which this Court determined that it lacked subject matter jurisdiction. As in the Rule 11 sanctions cases cited above, this Court has jurisdiction to rule on this motion to withdraw, despite the lack of subject matter jurisdiction over the substantive claims in the underlying action. To hold otherwise would place counsel in the untenable, Catch–22 position of not being able to withdraw from a case dismissed for lack of subject matter jurisdiction, yet being held accountable for discharging their ethical duties imposed by the Federal Rules of Civil Procedure and the Rules of Professional Conduct under circumstances where the client clearly does not desire their representation and, as in this case, has gone so far as to sue them for legal malpractice. Such a result cannot be countenanced. *See Sterling Mine Group v. Town of Ramapo,* 254 A.D.2d 424,. 679 N.Y.S.2d 76 (1998) (holding that the trial court properly ordered the substitution of counsel, despite the fact that there was no action or proceeding pending at the time); *but see Cooper Square Realty Inc. v. Jensen,* No. 04 Civ. 01011, 2005 WL 53284, at *2 (S.D.N.Y. Jan. 10, 2005) (Upon finding a lack of subject matter jurisdiction, the court remanded the case and refused to consider a motion of plaintiffs' counsel for leave to withdraw, suggesting that application should be made to the state court).

■ Here, Connecticut's Rules of Professional Conduct require Callahan & Blaine to withdraw. *See* Connecticut Rules of Prof'l Conduct 1.16(a)(1) (stating that a lawyer shall withdraw from representation of a client if the representation will result in a violation of the Rules of Professional Conduct or other law). CPS has brought a legal malpractice action against Callahan & Blaine in California, which effectively amounts to a *de facto* termination of the attorney-client relationship. *See DeLeo v. Nusbaum,* 263 Conn. 588, 597, 821 A.2d 744 (2003); Connecticut Rules of Prof'l Conduct 1.16(a)(3) (requiring an attorney to terminate the representation of a client when the attorney is

discharged). In light of the pending malpractice action where CPS is represented by other counsel, Callahan & Blaine can no longer communicate directly with their client in this action. Callahan & Blaine further represents that there has been an irreparable breakdown in their attorney-client relationship with CPS. *See Matza v. Matza*, 226 Conn. 166, 183–84, 627 A.2d 414 (1993). Additionally, they state that significant fees are due and owing by CPS, and have filed a charging lien to that effect. *See* Connecticut Rules of Prof'l Conduct 1.16(b)(4) (providing for permissive withdrawal if a client fails substantially to fulfill an obligation to the lawyer regarding his services and has been given reasonable warning that the lawyer will withdraw). Indeed, it is hard to imagine a situation presenting a greater conflict of interests than an attorney's being sued by his client for malpractice while still serving as counsel of record in the underlying action out of which the alleged malpractice arose. *See* Connecticut Rules of Prof'l Conduct 1.7(a) (requiring counsel to avoid conflicts of interests). Clearly, under the circumstances presented here, withdrawal of representation is not only warranted but required.

CPS is currently represented by two other law firms, Tyler Cooper & Alcorn LLP in this court and in the Second Circuit, and Baker Botts LLP in the Second Circuit. The withdrawal of Callahan & Blaine will not result in any delay, nor will it prejudice CPS in any way.

Accordingly, the Court holds that it has jurisdiction to rule on this procedural motion, which is unrelated to the substantive merits of the underlying action. The Court finds good cause for Callahan & Blaine to withdraw as counsel of record for Plaintiff, CPS, and, therefore, grants the Motion to Withdraw [Doc. ## 212, 215, 216]. The Clerk is directed to terminate immediately Brian J. McCormack, David

E. Hayen, Daniel D. DoKhanh, Daniel J. Callahan, and Stephen Z. Vegh, as counsel of record for Plaintiff CPS.

SO ORDERED.