927 F.2d 1009
 William R. DELORIA, Plaintiff-Appellant,
v.
VETERANS ADMINISTRATION, United States of America, Thomas K.
Turnage, Administrator of Veterans Affairs and
John E. Fryatt, United States Attorney,
Defendants-Appellees.
 No. 89-3334.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 25, 1990.
Decided March 21, 1991.
Rehearing and Rehearing En Banc Denied
April 30, 1991.
 
 William R. Deloria, Waukesha, Wis., Raoul D. Revord, Marquette, Mich., for plaintiff-appellant.
 John E. Fryatt, U.S. Atty., Patricia J. Gorence, Asst. U.S. Atty., Office of the U.S. Atty., Milwaukee, Wis., for defendants-appellees.
 Before CUDAHY and FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.
 CUDAHY, Circuit Judge.
 
 
 1
 William Deloria, a Vietnam War veteran, served a total of seven years in the U.S. Marine Corps and received his honorable discharge in 1977. In 1981, Deloria filed claims for service-connected post-traumatic stress disorder (PTSD), agent orange-related injuries and hearing loss. The Veterans Administration (the VA) conducted several hearings but determined that Deloria was entitled to only a 20% disability rating for his loss of hearing. When the Veterans Administration refused to accord him benefits for his complaints of PTSD and agent orange injury, Deloria submitted an administrative claim form alleging a conspiracy on the part of VA officials to deprive him of the disability benefits to which he believed he was rightfully entitled. The VA responded with a letter advising Deloria that his claim was not actionable under the Federal Tort Claims Act (the FTCA), 28 U.S.C. Secs. 2671-2680 (1988).
 
 
 2
 In 1988, after the VA rejected his administrative claim, Deloria filed this four-count suit in federal district court seeking pecuniary damages and writs of mandamus against the Director of the VA and the U.S. Attorney for the Eastern District of Wisconsin. Count I alleges four distinct tort claims:
 
 
 3
 (1) that Dr. Kroner, a physician employed by the VA, misdiagnosed Deloria's post-traumatic stress disorder,
 
 
 4
 (2) that the VA negligently hired Dr. Kroner,
 
 
 5
 (3) that VA employees negligently relied upon Dr. Kroner's opinion, and
 
 
 6
 (4) that VA employees conspired to tortiously defraud Deloria of his veteran's disability benefits.
 
 
 7
 Count II requests damages in the amount of $27,212,000 for violations of Deloria's constitutional rights and conspiracy to tortiously deprive him of his benefits. Counts III and IV seek writs of mandamus to compel the U.S. Attorney and the VA Administrator, respectively, to institute an investigation into the conduct of VA employees.
 
 
 8
 The district court dismissed the first three claims of Count I for failure to exhaust administrative remedies on the ground that the administrative claim Deloria filed with the VA--which addressed only his belief that VA employees conspired to deprive him of his benefits by altering his medical records--failed to apprise the VA of Deloria's subsequent allegations of malpractice and negligence. The court also dismissed for lack of subject-matter jurisdiction the fourth claim of Count I, reasoning that the charge that VA employees conspired to distort facts contained in Deloria's medical record and misrepresent laws is barred by section 2680(h) of the Federal Tort Claims Act, which retains the United States' sovereign immunity for claims arising from libel, slander, misrepresentation and deceit. Citing 28 U.S.C. Sec. 1346(a)(2) (1988), the court held that Deloria's request for $27,212,000 in damages pursuant to Count II can be brought only in the United States Claims Court, which possesses exclusive jurisdiction over claims against the United States in excess of $10,000. Finally, the court denied Deloria relief on Counts III and IV, observing that it lacks authority to compel the U.S. Attorney or the VA administrator to institute such an investigation. We affirm.
 
 
 9
 28 U.S.C. Sec. 2675(a) mandates that a claimant present her tort claim[1] to the appropriate federal agency before instituting suit against the United States under the FTCA. This jurisdictional prerequisite to suit is designed to encourage administrative consideration and settlement of claims, thereby reducing unnecessary litigation. A claim is deemed presented when it provides written notification of an incident and requests money damages in sum certain. 28 C.F.R. Sec. 14.12(a) (1988); see Adams v. United States, 615 F.2d 284, 289 (5th Cir.1980) (requiring enough description of the incident to enable agency to conduct its own investigation).
 
 
 10
 The district court properly dismissed the first three claims alleged in Count I because Deloria failed to exhaust his administrative remedies with respect to those claims. Deloria's first three claims allege malpractice on the part of Dr. Kroner and negligence on the part of the VA employees who hired Dr. Kroner and executed his orders whereas the one administrative claim Deloria presented to the VA maintains the existence of a conspiracy to deprive him of his benefits by doctoring his medical records. Although an administrative claim need not propound every possible theory of liability in order to satisfy section 2675(a), see Bush v. United States, 703 F.2d 491, 494 (11th Cir.1983), a plaintiff cannot "present one claim to the agency and then maintain suit on the basis of a different set of facts." Dundon v. United States, 559 F.Supp. 469, 476 (E.D.N.Y.1983). Here, the allegation that VA employees conspired to alter Deloria's medical records is not sufficient to apprise the VA of the malpractice and negligence charges Deloria now levels against Dr. Kroner and other VA employees because these allegations involve wholly distinct incidents. Investigation of the charge that VA officials conspired to alter Deloria's records thus would not provide the VA with notice of Deloria's additional claims of medical malpractice and negligent supervision. See Doe v. United States, 618 F.Supp. 71 (D.S.C.1985) (administrative claim of sexual assault and battery did not sufficiently apprise government of later allegation of medical malpractice); Johnson by Johnson v. United States, 594 F.Supp. 728 (E.D.N.Y.1984) (administrative claim of sexual assault did not sufficiently present claim that government negligently supervised its employee), aff'd, 788 F.2d 845 (2d Cir.), cert. denied, 479 U.S. 914, 107 S.Ct. 315, 93 L.Ed.2d 288 (1986).
 
 
 11
 Deloria contends, however, that he attached to his administrative claim form sixty-three additional pages which, read closely, foreshadow his current malpractice and negligence allegations. There appears to be some dispute as to whether or not Deloria actually appended these sixty-three pages to the administrative claim form that he filed with the VA. But even if faint intimations of Deloria's additional claims may be gleaned from the sixty-three pages appended to the one-page form, we believe that "[t]his could hardly be the type of fair notice that Congress envisioned when it fashioned the presentment requirement." Bembenista v. United States, 866 F.2d 493, 499 (D.C.Cir.1989) (dismissing medical malpractice claim because it was not sufficiently "presented" to agency in previous administrative claim alleging sexual assaults by medical specialist). In Bembenista, the D.C. Circuit similarly declined to find that the 400 pages of documents plaintiffs appended to their claim provided sufficient notice to satisfy section 2675(a), observing that "[a]ppellants have provided a vast collection of details that would overwhelm the capacity of even a scrupulous reader.... To ask an agency to contemplate the nuances of every sentence of such a submission would hold it to a standard that even a court would be hard pressed to match." Id.
 
 
 12
 Although Deloria did exhaust his administrative remedies as to the fourth claim of Count I, this claim falls within the intentional torts exclusion of the FTCA. 28 U.S.C. Sec. 2680(h) provides that the FTCA shall not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights...." The FTCA exceptions for misrepresentation and deceit certainly encompass Deloria's claim that VA officials conspired to distort his medical records and misrepresent the law. See Sanchez Tapia v. United States, 227 F.Supp. 35 (S.D.N.Y.1964) (holding that Sec. 2680(h) bars suits against the government for damages for deceit, fraud and false representations by various governmental officials to secure criminal judgment against plaintiff), aff'd, 338 F.2d 416 (2d Cir.1964), cert. denied, 380 U.S. 957, 85 S.Ct. 1096, 13 L.Ed.2d 974 (1965). The gravamen of Deloria's claim is that VA officials deliberately misrepresented and distorted his medical records, resulting in the denial of disability benefits. Deloria cannot sidestep the statutory limits of the FTCA by artfully couching his complaint in different jargon and pleading that VA officials conspired to deprive him of his benefits through alteration of his records. See Alexander v. United States, 787 F.2d 1349 (9th Cir.1986) (holding that claim that government negligently failed to remove from plaintiff's record information the state court allegedly ordered expunged was actually a claim for misrepresentation barred by Sec. 2680(h)); Bergman v. United States, 751 F.2d 314 (10th Cir.1984) (suit alleging that government negligently failed to correct classification records held to be barred by Sec. 2680(h) immunity for claims arising from misrepresentation, deceit and slander), cert. denied, 474 U.S. 945, 106 S.Ct. 310, 88 L.Ed.2d 287 (1985). Because the United States retains its sovereign immunity with respect to charges of deceit and misrepresentation--regardless of the technical terms in which they are framed--the district court properly dismissed the fourth claim of Count I for lack of jurisdiction.
 
 
 13
 As for Count II, the district court properly dismissed Deloria's request for $27,212,000 in damages pursuant to 28 U.S.C. Sec. 1346(a)(2), which confers exclusive jurisdiction over claims against the United States in excess of $10,000 upon the Court of Claims. Deloria vigorously attempts to elude the strictures of section 1346(a)(2), however, by contending that we should construe his claim for damages for alleged violations of his constitutional rights as a request for another hearing which we may entertain under Marozsan v. United States, 852 F.2d 1469 (7th Cir.1988) (en banc) (construing request for damages for constitutional violations as a request for a new hearing not barred by section 1346(a)(2)). But the huge sum Deloria seeks in Count II itself contradicts his argument. A request for over $27 million in damages could hardly constitute a mere claim for wrongfully withheld veterans benefits. We might therefore consider Deloria's argument for a new hearing to be waived. See Marozsan, 852 F.2d at 1480 (Posner, J., concurring) (intimating that Marozsan's suit for $5 million and his failure to request a new hearing could amount to waiver).
 
 
 14
 Even if Deloria has not waived this argument, his talismanic invocation of Marozsan does not automatically grant him federal court review. In Marozsan, we held only that federal courts are empowered to review substantial claims of unconstitutional agency action, such as the imposition of an arbitrary quota system, despite 38 U.S.C. Sec. 211(a) (1979), which precludes judicial review of decisions of law or fact concerning the administration of veterans benefits. Marozsan's complaint on its face advanced the substantial, non-frivolous argument that the VA violated his constitutional rights by employing arbitrary procedures to determine which benefits claims to grant. Although Deloria has couched his allegation in constitutional terms, he has not specified any particular constitutional violation on the part of the VA. Instead, Deloria struggles to elevate a commonplace tort violation into a constitutional challenge simply by emphasizing the government's role in the event. "Naked allegations of constitutional violations standing alone" are not sufficient to invoke the narrow exception to section 211(a) enunciated in Marozsan. Cabiya San Miguel v. United States Veterans Adm'r, 592 F.Supp. 21, 22 (D.P.R.1984) (holding that assertion that Administrator's decision deprived plaintiff of benefits without due process was not enough to trigger narrow exception to section 211(a)), aff'd, 774 F.2d 1148 (1st Cir.1985); cf. Ryan v. Cleland, 531 F.Supp. 724, 730 (E.D.N.Y.1982) (terming attempt to elevate claim to constitutional level "inventive" but denying it nonetheless). To hold otherwise would be to nullify the thrust of section 211(a) by licensing the transformation of every alleged tort into a constitutional claim reviewable in federal court. Without more specific evidence of some constitutional violation, we must thus construe Deloria's claim for $27,212,000 in damages as essentially a request for judicial review of the VA's decision to deny him disability benefits that is barred by 38 U.S.C. Sec. 211(a).[2]
 
 
 15
 Finally, the district court properly denied Deloria's additional requests for writs of mandamus directing the U.S. Attorney and the VA Administrator to institute an investigation into the conduct of VA employees. The extraordinary remedy of mandamus should issue only after exhaustion of all other avenues of relief and only "to compel the performance of 'a clear nondiscretionary duty.' " Pittston Coal Group v. Sebben, 488 U.S. 105, 109 S.Ct. 414, 424, 102 L.Ed.2d 408 (1988) (quoting Heckler v. Ringer, 466 U.S. 602, 616, 104 S.Ct. 2013, 2022, 80 L.Ed.2d 622 (1984)). Therefore, the district court's decision dismissing Deloria's claims is
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 We do not address the scope of the exhaustion requirement outside the narrow context of the FTCA. Given the protective attitude of the Veterans Administration towards veterans, however, we might expect more peripheral vision on the part of the agency with respect to an administrative claim that it breached a statutory duty rather than a claim alleging a tort violation. See Akles v. Derwinski, 59 U.S.L.W. 2444, 2445, 1991 WL 1590 (Ct.Vet.App.1991) ("There is no requirement in the law that a veteran must specify with precision the statutory provisions or the corresponding regulations under which he is seeking benefits.")
 
 
 [2]
 38 U.S.C. Sec. 211 has been amended since the time Deloria initially filed this suit. The revised statute provides for limited judicial review of VA decisions regarding disability benefits, but applies only to suits filed after September 1, 1989. See generally Note, New Veterans Legislation Opens the Door to Judicial Review ... Slowly!, 67 Wash.U.L.Q. 899 (1989)