986 F.2d 1424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Isiah EVANS, III, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-2742.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1993.*
Decided March 3, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 On May 28, 1987, Isiah Evans assaulted a staff member at the federal penitentiary in Terre Haute, Indiana. That same day he was transferred to the penitentiary in Marion, Illinois. His belongings, however, remained at Terre Haute, where they were searched for contraband before being mailed to Marion, where Evans received them on June 25. Soon thereafter Evans filed an administrative claim, alleging that legal materials and two magazines had not been sent from Terre Haute, and must have been lost or stolen by prison personnel. After this claim was denied he filed suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680. The parties settled the claim for the missing legal documents, but went to trial over the magazines. The United States won the trial when the magistrate judge found that it had exercised due care as bailee of Evans's goods.
 
 
 2
 Evans makes a number of claims on appeal, none of which has merit. First, he contends that he is entitled to receive some of his costs in this action because he "won" a partial settlement. An award of costs in an FTCA case is discretionary. 28 U.S.C. § 2412. Considering that the settlement itself provides that the claim for legal materials will be dismissed without costs, we hold that the district court did not abuse its discretion in denying Evans's request.
 
 
 3
 Evans next asserts that he is missing much more than legal materials and two magazines. He claims to also be short a pair of tennis shoes, a book, several pictorial magazines, and two bags full of commissary goods. Because these items were not mentioned in his administrative proceeding, and since exhaustion of administrative remedies is a prerequisite to Federal Tort Claims Act cases under 28 U.S.C. § 2675, the magistrate judge correctly declined to consider these claims. See Deloria v. Veterans Administration, 927 F.2d 1009, 1012 (7th Cir.1991).
 
 
 4
 Evans also believes that the magistrate judge denied him meaningful discovery by not requiring guards at Terre Haute to answer his interrogatories. But the fact is that the United States is the defendant in this case, and answered the interrogatories through its agents, the guards at Marion. We therefore hold that the district court did not abuse its discretion in denying Evans's request. Olive Can Co., Inc. v. Martin, 906 F.2d 1147, 1152 (7th Cir.1990) (discovery rulings reviewed for abuse of discretion).
 
 
 5
 Similarly, the court did not err in refusing to appoint counsel for Evans under 28 U.S.C. § 1915. It reviewed the relevant factors and concluded that the legal and factual issues were straightforward, that Evans was capable of representing himself at trial, and that though his claim was not frivolous, Evans had little likelihood of success. A review of the record reveals that Evans acted vigorously and adequately on his own behalf and that the case was not complicated. Counsel might have been helpful, but it was not an abuse of discretion to deny representation. Jenkins v. Lane, 977 F.2d 266, 270 (7th Cir.1992).
 
 
 6
 Finally, Evans contends that the magistrate judge applied the wrong legal standard in finding the United States was not liable for any lost property. The court viewed the situation after Evan's transfer as a bailment for the mutual benefit of the parties, with Evans being the bailor and the United States the bailee. Under Indiana law, this meant that the United States had only to use ordinary care when handling the property. Norris Automotive Service v. Melton, 526 N.E.2d 1023, 1026 (Ind.App.1988). Evans asserts that the bailment was for the sole benefit of the United States, in which case it would have to use "great care" under Norris.
 
 
 7
 We need not decide what type of bailment this would be, however, because Evans had not demonstrated any injury that would support recovery. Relying on inventory sheets from Marion and Terre Haute, the court found as a fact that Evans had not lost any magazines at all; Terre Haute showed that five magazines were sent, while records at Marion show he received six magazines. This finding was not clearly erroneous, especially in light of the fact that upon receiving his property at Marion, Evans signed an inventory form stating that "The inmate by signing below certifies the accuracy of the inventory, except as noted on the form." Though he claimed that he complained to the receiving officer of missing items, and for that reason did not list them on the form, the court did not believe his testimony. We are in no position to question such credibility determinations. United States v. Cahill, 920 F.2d 421 (7th Cir.1990).
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Plaintiff-Appellant included such a statement in his opening brief. No such statement having been filed, the appeal is submitted on the briefs and record