28 F.3d 1216
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William R. DELORIA, Plaintiff/Appellant,
v.
Jesse BROWN,** Secretary United States
Department of Veterans Affairs, United States of
America and Department of Veterans
Affairs, Defendants/Appellees.
 No. 93-2374.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 22, 1994.*
Decided July 7, 1994.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, District Judge***.
 
 ORDER
 
 2
 William R. Deloria appeals the district court's dismissal of his complaint pursuant to the doctrine of res judicata, challenges the district judge's failure to recuse himself, and asserts that the defendants' failure to provide him with an amended pleading renders the court's decision invalid. We affirm.
 
 
 3
 In 1988, after the Veterans Administration (VA) rejected his administrative claim for disability benefits, Deloria filed suit in federal court seeking damages against the Director of the VA and the United States Attorney for the Eastern District of Wisconsin. All the claims were dismissed and we affirmed. Deloria v. Veterans Administration, 927 F.2d 1009, 1010 (7th Cir.1991).[1] Deloria filed another suit in 1992, which he appeals here, alleging that the Veterans Administration violated his due process rights, intentionally inflicted emotional distress, violated the Racketeer Influenced and Corrupt Organizations Act (RICO), and violated the Freedom of Information Act (FOIA). The district court concluded that this suit arose out of the same facts as Deloria's previous suit in which he challenged the VA's denial of disability benefits and therefore is barred by res judicata. We agree.
 
 
 4
 Under the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. Montana v. United States, 440 U.S. 147, 153 (1978). The three requirements for applying res judicata are: (1) a final judgment on the merits; (2) identity of the cause of action; and (3) identity of the parties or their privies. Prochotsky v. Baker & McKenzie, 966 F.2d 333, 334 (7th Cir.1992); Local 322 Allied Industrial Workers of American, AFL-CIO v. Johnson Controls, 921 F.2d 732 (7th Cir.), cert. denied, 111 S.Ct. 2238 (1991).
 
 
 5
 The dismissal of the previous action constitutes a final judgment because the United States Claims Court had exclusive jurisdiction over claims against the United States in excess of $10,000, 28 U.S.C. Sec. 1346(a)(2), and because Sec. 2680(h) of the Federal Tort Claims Act (FTCA) provides sovereign immunity to the United States for claims arising from libel, slander, misrepresentation and deceit. Magnus Electronic, Inc. v. La Republica Argentina, 830 F.2d 1396 (7th Cir.1987) ("the underlying policy of res judicata is not restricted to a valid judgment that deals solely with the merits; it extends to and includes matters in abatements, such as jurisdiction over subject matter ...") (citing 1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice p 0.405, at 223 (2d ed. 1984)). Thus, the first requirement is satisfied. The second requirement is satisfied if both claims are based on the same, or nearly the same, factual claims. Herrmann v. Cencom Cable Assoc., Inc. v. First Alabama Bank, 999 F.2d 223, 226 (7th Cir.1993) (citing Parsons Steel Inc. v. First Alabama Bank, 474 U.S. 518, 521 (1986)). Deloria's first suit alleged that he was wrongly deprived of veterans' benefits by the VA and that VA employees conspired to tortiously deprive him of his veteran's benefits. Deloria's claims in this suit arise from the same facts. We reject Deloria's claim that there is no identity of actions because he has stated different claims for relief, including claims under RICO and FOIA. Any additional claims Deloria makes in this suit are barred because they could have been raised in the earlier action. Spiegel v. Continental Illinois Nat'l Bank, 790 F.2d 638, 645-46 (7th Cir.1986).
 
 
 6
 Finally, identity of parties is achieved because Deloria sued the VA, its director, and the United States in this suit and similarly sued the VA and the United States in the previous suit. See Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940) ("There is privity between officers of the same government so that a suit between a party and a representative of the United States is res judicata in relitigation of the same issues between that party and another officer of the government."). Therefore, his claims are barred by the doctrine of res judicata.
 
 
 7
 Deloria also argues that the district court judge should have recused himself from adjudicating the case because the judge was biased. See 28 U.S.C. Sec. 455(a) and (b)(1). Deloria did not make this request to the district court. The appellees argue that Deloria's claim must fail because it is untimely. Compare SCA Services, Inc. v. Morgan, 557 F.2d 110, 117-18 (7th Cir.1977) (holding that there are no time limits on motions to disqualify) with Union Carbide Corp. v. U.S. Cutting Service, 782 F.2d 710, 716 (7th Cir.1986) (noting that other circuits uniformly rejected SCA Services) and United States v. Murphy, 768 F.2d 1518, 1539 (7th Cir.1985) (questioning SCA Services ). We need not decide this issue because even if the motion had been made to the district court, it could not have succeeded. Deloria's claim of bias is premised upon the court's rulings in this case and a previous action brought by Deloria and assigned to the same judge. We have held that "facts learned by a judge in his judicial capacity cannot be the basis for disqualification." United States v. Patrick, 542 F.2d 381, 390 (7th Cir.1976), cert. denied, 430 U.S. 931 (1977). Judicial bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966); see Liteky v. United States, 114 S.Ct. 1147 (1994). Deloria claims that because the court had not ruled in his favor in an earlier case and he was not successful in this case that the court was biased. These allegations simply are not a proper basis for recusal.
 
 
 8
 Finally, Deloria argues that he did not receive a copy of a pleading filed by defendants.[2] This allegation, standing alone, does not require a reversal of the district court. Federal Rule 61 of Civil Procedure provides that only errors affecting substantial rights permit reversal in civil litigation. Fed.R.Civ.P. 61.[3] Deloria does not specify how his failure to receive the amended brief prejudiced him or altered the outcome of the case. Further, the district court found that the amended brief did not alter the substance of defendants' arguments in any way. See Vaughn v. Willis, 853 F.2d 1372, 1376 (7th Cir.1988) (the party who raises the error as an issue must meet the burden of showing prejudice occurred). Because Deloria's substantial rights were not affected, his claim must fail.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 **
 Jesse Brown is substituted for his predecessor, Edward J. Derwinski, as Secretary of the Department of Veteran Affairs. Fed.R.App.P. 43(c)(1)
 
 
 ***
 The Honorable Robert A. Grant, District Judge of the United States District Court for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 In 1990 Deloria brought suit in state court against a physician employed by the VA. After removal to federal court, this suit also was dismissed and we affirmed. Various claims were dismissed because Deloria failed to exhaust administrative remedies and the remaining claims were dismissed for failure to state a claim against a defendant from whom relief could be granted. Deloria v. Scerpella, 937 F.2d 610 (7th Cir.1991)
 
 
 [2]
 Deloria refers to defendants' "Amended Memorandum of Law in Support of the Federal Defendants' Motion to Dismiss or for Summary Judgment," filed July 17, 1992
 
 
 [3]
 "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Fed.R.Civ.P. 61