Haywood **WILLIAMS, Jr., Plaintiff,**

v.

Janet **RENO, Attorney General, U.S. Department of Justice, Defendant.**

**Civil Action No. 95–01737.**

United States District Court, District of Columbia.

Dec. 18, 1995.

**4**

Haywood Williams, Jr., White Deer, PA, pro se.

John Michael Facciola, U.S. Attorney's Office, Washington, DC, for Janet Reno.

### Memorandum Opinion and Order

SPORKIN, District Judge.

This matter comes before the Court on *pro se* plaintiff's request for a writ of mandamus directing defendant to investigate plaintiff's grievance concerning prosecutorial misconduct by two former Assistant United States Attorneys. For the reasons set forth below, plaintiff's request will be denied.

### Background

On July 8, 1980, plaintiff was sentenced in the Eastern District of Virginia on several narcotics-related charges. Plaintiff's convictions were upheld by the United States Court of Appeals for the Fourth Circuit. Plaintiff now seeks a writ of mandamus against the Attorney General, requiring her to investigate plaintiff's complaint that two

Assistant United States Attorneys engaged in prosecutorial misconduct.

Defendant, in response to this Court's order to show cause, claims that the Office of Professional Responsibility (OPR) has considered plaintiff's complaints of prosecutorial misconduct and found them meritless. In support of its assertion, defendant attaches an unsworn letter from the OPR to Senator Moseley–Braun stating that, in response to a 1985 letter from Senator John Warner, the OPR conducted an inquiry into plaintiff's allegations of prosecutorial misconduct and found them meritless. The letter also states that the OPR reviewed plaintiff's recent charges and found them to be similar to those covered by the 1985 inquiry. Defendant asks this Court to deny plaintiff's demand for a writ of mandamus as moot.

### Standard for Mandamus

A writ of mandamus is "an extraordinary remedy, to be reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289, 108 S.Ct. 1133, 1143, 99 L.Ed.2d 296 (1988); *In re Halkin*, 598 F.2d 176, 198 (D.C.Cir.1979). Plaintiffs must demonstrate that they lack adequate alternative means to obtain the requested relief, that the defendant's have a peremptory duty to act, and that their right to the issuance of the writ is clear and undisputable. *Council of and for the Blind of Delaware Valley, Inc. v. Regan*, 709 F.2d 1521, 1533 (D.C.Cir.1983). Even were these requirements satisfied, the issuance of the writ is within the sound discretion of the court. *Kerr v. United States District Court for the Northern District of California*, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976).

### Discussion

Plaintiff has not met its heavy burden of proof.[1] In support of his claim, plaintiff relies principally on OPR regulations regard-

---

1. Plaintiff has filed a motion to compel production of documents, and a motion to postpone ruling on respondent's response to order to show cause until discovery can be conducted. The majority of the documents requested pertain to plaintiff's prosecution or to plaintiff's underlying substantive allegations of prosecutorial misconduct. As such, the documents are not relevant to plaintiff's claim that OPR failed to investigate the charges or to plaintiff's request for a writ of mandamus. As the Court believes the requested discovery could not possibly lead to information sufficient to support plaintiff's request for a writ of mandamus, the Court will deny plaintiff's motions.

ing duties to receive and review allegations of employee misconduct. 28 C.F.R. § 0.39a.

Nothing in the cited regulations or in related case law demonstrates that the plaintiff has a clear right to the requested relief. This Circuit has noted that the OPR regulations do not assert that the OPR has mandatory jurisdiction to investigate such charges. *Doe v. United States Dept. of Justice,* 753 F.2d 1092, 1099 (D.C.Cir.1985). The Court of Appeals further suggested that the OPR's exercise of its investigatory powers may be discretionary in certain cases. *Id.* at 1100.

Several other cases also call into doubt plaintiff's right to issuance of a writ of mandamus requiring defendant to investigate plaintiff's charges. *See, e.g., Agunbiade v. United States,* 893 F.Supp. 160 (E.D.N.Y. 1995) (denying plaintiff's request for a writ of mandamus to investigate allegations of criminal activity by an Assistant United States Attorney); *DeSimone v. United States Attorney General,* 1988 WL 143668, 1988 U.S.Dist. LEXIS 15322 (D.Kan.1988) (holding the Court had no authority to compel the Department of Justice to respond to petitioner's complaint of prosecutorial misconduct).

In short, the plaintiff has not shown that the defendant has a peremptory duty to act, or that the plaintiff's right to the issuance of the writ is clear and undisputable. In view of plaintiff's failure to meet his burden of proof, and of the defendant's representation to this Court that it has already conducted an investigation into plaintiff's allegations, this Court believes that a writ of mandamus is not warranted in this case.

Accordingly, the Court hereby **DENIES** plaintiff's request for a writ of mandamus. The Court further **ORDERS** that the case be **DISMISSED WITH PREJUDICE.**