**OCUTO BLACKTOP AND PAVING CO., INC., George A. Rossi Construction Corp., Hanna Construction, Inc., Altamuro Construction Co., Inc., Advanced Maintenance, Inc., and Lanz Construction, Inc.,**

v.

**Hon. William PERRY, Secretary of Defense, United States of America.**

**No. 95–CV–1247 (RSP/DNH).**

United States District Court,
N.D. New York.

Oct. 15, 1996.

Kelly & Walthall, P.C. (William W. Kelly, Stephen L. Walthall, of counsel), Utica, NY, for Plaintiffs.

Thomas J. Maroney, United States Attorney (Robert P. Brouillard, Assistant United States Attorney, of counsel), Syracuse, NY, for Defendant.

### MEMORANDUM–DECISION AND ORDER

POOLER, District Judge.

Plaintiffs, contractors in the area of Griffiss Air Force Base ("Griffiss"), allege that the defendant, Secretary of Defense William Perry, violated the statutory and regulatory requirements of the National Defense Authorization Act for Fiscal Year of 1994 (the "Act") by failing to implement a contracting preference for local contractors when decommissioning Griffiss. See Pub.L. No. 103–160, § 2912; 48 C.F.R. pt. 226, subpt. 71. In their complaint, plaintiffs seek injunctive relief including an order directing defendant to develop a local preference. Compl. at 5–6. Plaintiffs claim jurisdiction pursuant to Chapter 7 of the Administrative Procedure

Act ("APA"), 5 U.S.C. §§ 701–706 and 28 U.S.C. § 1361. Compl. at 1. Perry moves to dismiss arguing that (1) the court lacks subject matter jurisdiction, (2) plaintiffs lack standing, (3) the agency's construction of the Act is controlling, and (4) the Court of Federal Claims has exclusive jurisdiction. In the alternative, the government seeks summary judgment. Because this court lacks subject matter jurisdiction, I grant defendant's motion to dismiss.

## BACKGROUND

### I. Procedural

On August 31, 1995, plaintiffs filed a complaint, a motion for a temporary restraining order ("TRO") and a motion for a preliminary injunction.[1] On September 5, 1995, I denied the TRO, and on November 6, 1995, I reserved on the motion for a preliminary injunction and a renewed request for a TRO. Dkt. Nos. 6 & 16. The government then made a motion to dismiss returnable on January 22, 1996. However, on January 22, 1996, I granted the parties' request to adjourn the motion in order to allow the plaintiffs time to consider information provided by the Department of Defense. I heard argument on the government's motion on May 20, 1996.

### II. Factual Background

Griffiss is located in Rome, New York. Compl. ¶ 6. In 1993, the Base Realignment and Closure Commission nominated Griffiss for decommissioning under the Base Realignment and Closure Act. *Id.* ¶ 7; Dkt. No. 23, Rice Decl. ¶ 1. Griffiss officially closed on September 30, 1995. Dkt. No. 23, Rice Decl. ¶ 8.

In 1994, Congress passed and the President signed the National Defense Authorization Act for Fiscal Year 1994. Pub.L. No. 103–160. In relevant part, the Act provides that:

> In entering into contracts with private entities as part of the realignment of a military installation under a base closure law, the Secretary of Defense shall give preference, *to the greatest extent practicable,* to qualified businesses located in the vicinity of the installation and to small business concerns and small disadvantaged business concerns. Contracts for which this preference shall be given include contracts to carry out activities for the environmental restoration and mitigation at military installations to be closed or realigned.

Pub.L. No. 103–160, § 2912(a) (emphasis added). The implementing regulation provides that:

> Businesses located in the vicinity of a military installation that is being closed or realigned under a base closure law ... shall be provided *maximum practicable opportunity* to participate in acquisitions that support the closure or realignment, including acquisitions for environmental restoration and mitigation.

48 C.F.R. § 226.7102 (emphasis added).

Much of the work to be done at Griffiss involves environmental restoration. Dkt. No. 1, Compl. ¶¶ 19–20, 26; Dkt. No 10, Smigal Decl. ¶ 3. Plaintiffs claim that the Air Force's use of large scale Indefinite Delivery/Indefinite Quantity ("IDIQ") *contracts* for environmental remediation prevents small contractors from successfully bidding on work at Griffiss in violation of the Act. Dkt. No. 3, Ocuto Decl. ¶¶ 6–15; *see also* Dkt. No. 10, Smigal Decl. ¶ 14. Perry responds that he has discharged his discretionary duties under the Act to the maximum extent practicable and that because he has acted within the scope his discretion, this court lacks jurisdiction to review the choices he has made.

## DISCUSSION

### I. Jurisdiction

 District Courts of the United States are courts of limited jurisdiction, "empowered to act only within the bounds of Article III of the United States Constitution and statutes enacted by Congress stemming

---

1. Ocuto Blacktop and Paving Co., Inc., and George A. Rossi Construction Inc., are the original plaintiffs to this action. On January 22, 1996, I granted plaintiffs' motion to add as additional plaintiffs: (1) Hanna Construction Inc., (2) Altamuro Construction Co., Inc., (3) Advanced Maintenance, Inc., and, (4) Lanz Construction, Inc. Dkt. No. 35. The government did not object. Dkt. No. 33.

therefrom." *W.G. v. Senatore,* 18 F.3d 60, 64 (2d Cir.1994) (citing *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 173–80, 2 L.Ed. 60 (1803)). The defendant moves pursuant to Federal Rules of Civil Procedure 12(b)(1) for dismissal of this lawsuit based on a lack of subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the case is properly in the federal system of limited jurisdiction. *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir. 1994) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). Because Perry challenges this court's subject matter jurisdiction and also seeks dismissal on other grounds, I must "consider the Rule 12(b)(1) challenge first since if [I] must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n,* 896 F.2d 674, 678 (2d Cir. 1990) (quotations and citations omitted). With these principles in mind, I examine plaintiff's claims of jurisdiction under the APA and the mandamus provision, 28 U.S.C. § 1361.

### A. The Administrative Procedure Act

■ The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Persons so aggrieved can obtain review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, the APA does not create an independent basis for jurisdiction. *Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977); *Watson v. Blumenthal,* 586 F.2d 925, 932 (2d Cir.1978).

### B. Mandamus

■ The district courts have original jurisdiction to hear "any action in the nature of mandamus to compel an officer or employee

of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *see also White v. Mathews,* 559 F.2d 852, 856–57 (2d Cir.1977) (holding that "the district court properly predicated jurisdiction on § 1361."), *cert. denied,* 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978). Mandamus is "an extraordinary remedy to be invoked only in exceptional circumstances." *Agunbiade v. United States,* 893 F.Supp. 160, 163 (E.D.N.Y.1995) (citing *Kerr v. United States Dist. Court for the N. Dist. of California,* 426 U.S. 394, 402, 96 S.Ct. 2119, 2123–24, 48 L.Ed.2d 725 (1976)); *see also Allied Chemical Corp. v. Daiflon,* 449 U.S. 33, 34, 101 S.Ct. 188, 189–90, 66 L.Ed.2d 193 (1980).

■ A number of circuits, including the Second Circuit, treat mandamus jurisdiction as closely related to the merits of whether a writ of mandamus should issue. *See Abbey v. Sullivan,* 978 F.2d 37, 47 (2d Cir.1992); *Rush v. Parham,* 625 F.2d 1150, 1154 (5th Cir.1980); *Deloria v. Veterans Administration,* 927 F.2d 1009, 1013–1014 (7th Cir.1991); *Maczko v. Joyce,* 814 F.2d 308, 310 (6th Cir.), *cert. denied,* 484 U.S. 828, 108 S.Ct. 98, 98 L.Ed.2d 58 (1987). In order to invoke mandamus jurisdiction plaintiffs must establish that (1) there exists a plainly defined and preemptory duty on the part of the defendant to do the act in question, (2) they have a clear right to the relief sought, and (3) no other adequate remedy is available. *Jon Woods Fashions, Inc. v. Curran,* 1988 WL 38585 *2 (S.D.N.Y. April, 1988) (citing *Lovallo v. Froehlke,* 468 F.2d 340, 343 (2d Cir. 1972), *cert. denied,* 411 U.S. 918, 93 S.Ct. 1555, 36 L.Ed.2d 310 (1973)). Plaintiffs have failed to establish the first element.

### 1. A Plainly Defined and Preemptory Duty

Plaintiffs allege that the Secretary of Defense is violating the statutory and regulatory requirements of the Section 2912 of the Act by failing to hire local contractors for the decommissioning of military bases. This is a case of first impression. Section 2912 requires only that, the Secretary "shall give preference, *to the greatest extent practicable,* to qualified businesses located in the vicinity of the installation and to small business con-

cerns." Pub.L. No. 103–160, § 2912(a) (emphasis added). Similarly, 48 C.F.R. § 226.7102 mandates only that "[b]usinesses located in the vicinity of a military installation ... shall be provided *maximum practicable opportunity* to participate in ... acquisitions for environmental restoration and mitigation" (emphasis added).

■ Section 1361 creates subject matter jurisdiction for mandamus actions if the government official is required to perform a clear, ministerial, and nondiscretionary duty or if the plaintiffs seek to compel a government official to undertake a duty that requires an exercise of discretion and which the official has neglected. *See Kahane v. Carlson,* 527 F.2d 492, 497 (2d Cir.1975) (Friendly, J. concurring); *see also Stehney v. Perry,* 907 F.Supp. 806, 820 (D.N.J.1995).

### a. Nondiscretionary Duty

■ Whether Section 2912 creates a nondiscretionary duty is a question of statutory interpretation. To interpret this section, I must start with the language of the statute itself. *Lewis v. United States,* 445 U.S. 55, 60, 100 S.Ct. 915, 918, 63 L.Ed.2d 198 (1980). In reading a statute, "[a] court should presume that the statute says what it means." *Aslanidis v. United States Lines, Inc.,* 7 F.3d 1067, 1072 (2d Cir.1993). However, "where ambiguity resides in a statute, legislative history and other tools of interpretation may be employed to determine legislative purpose more perfectly." *Motor Vehicle Mfrs. v. New York State Dept. of Envtl. Conservation,* 17 F.3d 521, 531 (2d Cir.1994). In the present case, the statutory language provides that in selecting contractors for work pursuant to a base closure "the Secretary of Defense shall give preference, to the greatest extent practicable, to qualified businesses located in the vicinity of the installation...." Pub.L. No. 103–160 § 2912. Plaintiffs contend that Congress "gave a clear mandate to the Secretary of Defense" and that the by using the words "to the greatest extent practicable," Congress underscored the importance of the mandate. Dkt. No. 14, Pl.Mem. at 2–3. While I agree that the statute creates a duty, I find that the plaintiffs' position is simply not supportable. The statute is clear in that it directs the Secretary to give local contractors a preference. However, the Secretary's implementation of the mandate is discretionary in that it is to be implemented "to the greatest extent practicable."

I find that the Act creates a duty on the part of the Secretary of Defense to undertake a discretionary task. As such, if mandamus jurisdiction exists at all, it exists to "compel an official to undertake a neglected action that requires the exercise of discretion to carry out." *Stehney,* 907 F.Supp. at 820.

### b. Discretionary Duty

■ Regarding a discretionary duty, "mandamus relief is available only to 'compel [the] action' itself, 'but not to direct the exercise of discretion in a particular way nor to direct the retraction or reversal of action already taken.' " *Id.,* at 820 (quoting *ICC v. Humbolt S.S. Co.,* 224 U.S. 474, 484, 32 S.Ct. 556, 559, 56 L.Ed. 849 (1912)); *see also United States ex rel. Schonbrun,* 403 F.2d 371, 374 (2d Cir.1968) (quoting the committee reports recommending enactment of 28 U.S.C. § 1361 for the proposition that courts are "not to direct or influence the exercise of discretion of the officer or agency in the making of the decision") *cert. denied,* 394 U.S. 929, 89 S.Ct. 1195, 22 L.Ed.2d 460 (1969); *Sun Enterprises, Ltd. v. Train,* 532 F.2d 280, 288 (2d Cir.1976) (mandamus jurisdiction does not lie to challenge the manner in which an agency official performs his duties, as opposed to his failure to perform a nondiscretionary duty); *Kahane,* 527 F.2d at 498 (Friendly, J. concurring) (indicating mandamus inappropriate where "the sole question to be litigated in the [Section] 1361 action was whether the [agency] had gone far enough to satisfy its obligations").

■ In response to Section 2912, the Air Force developed implementing regulations. See 48 C.F.R. pt. 226, subpt. 71. In addition, the Secretary claims that in keeping with the statute and the regulation, the Air Force (1) awarded fourteen of sixteen fiscal year 1996 maintenance and repairs contracts (87.5%) worth an estimated $4.2 million to local businesses within a 60 minute radius of Griffiss, dkt. no 21, Lemaire Decl. ¶¶ 2–3; (2) the Air Force Small Business Office has actively attempted to notify local contractors about

available opportunities at Griffiss, dkt. no. 22, Wesley Decl. ¶¶ 3–5; and (3) the Air Force and the Army Corps of Engineers have tentatively identified $19.4 million in Griffiss projects as available to local contractors, dkt. no. 23, Rice Decl. ¶ 12.

Moreover, during the pendency of this litigation, Air Force Brigadier General, Timothy P. Malishenko, Deputy Assistant Secretary for Contracting and Assistant Secretary for Acquisition, issued a memorandum concerning local preference under Section 2912 that stated in pertinent part that:

> As new contract actions are initiated, we should identify those opportunities that are appropriate for local, small and small disadvantaged businesses. Contracting officials should work with the Air Force Base Conversion Agency (AFBCA), their engineering counterparts and any on-site contracting officer to determine the appropriate contracting approach for individual projects, including the possibility of disaggregating requirements into separate contracting opportunities and using source selection criteria to provide preferences. Preferences for local businesses of any size and set-asides for 8(a) and small businesses located anywhere are authorized by DFARS Subparts 226.7200 and 226.7103, respectively, and are consistent with the Competition in Contracting Act. Additionally, 10 U.S.C. 2323 and DFARS 219.7002 authorize the use of a ten percent factor as an evaluation preference for small disadvantaged businesses in certain types of contracting actions. In situations where the technical requirements, contractor availability or other factors make local, small and small disadvantaged business awards impracticable, contracting officers should document the basis for the decision.[2]

The Secretary of Defense, has therefore fulfilled his duty to establish a preference for local contractors, "to the greatest extent practicable," as required by Section 2912.

Because defendant is performing his discretionary duty, I need not determine whether plaintiffs have a clear right to the relief sought or whether any other adequate remedy is available. Moreover, lacking jurisdiction, I do not reach the government's remaining arguments that (1) plaintiffs lack standing, (2) the agency's construction of the statute is entitled to controlling weight, (3) exclusive jurisdiction for this action rests with the Court of Federal Claims, and (4) they are entitled to summary judgment. *See Rhulen Agency, Inc.,* 896 F.2d at 678.

Based on the above, it is:

**ORDERED** that, defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED,** and it is further;

**ORDERED** that, plaintiffs' motions for injunctive relief are **DENIED.**

**IT IS SO ORDERED.**

---

**2.** The parties provided the court with a copy of the Malishenko memorandum during oral argument on the government's motion to dismiss on May 20, 1996. Neither party made a copy of the memorandum part of the record. Because the parties intended that I consider this memorandum, I direct the Court Clerk to docket it.