**Allan GANT, Petitioner,**

v.

**FEDERAL BUREAU OF INVESTIGATION, Respondent.**

**No. CIV.A. 2:95–0948.**

United States District Court, S.D. West Virginia, Charleston Division.

Feb. 12, 1998.

Allan Gant, Morgantown, WV, pro se.

Rebecca A. Betts, United States Attorney, S.D. W.Va., Charleston, WV, for defendant.

### *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending are Petitioner Gant's objections to the Report–Recommendation filed by the

Honorable Jerry D. Hogg, United States Magistrate Judge. This action was referred to Judge Hogg, who has submitted his proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Report–Recommendation on January 20, 1998, and Gant filed his objections to the Report–Recommendation on January 26, 1998. Having reviewed *de novo* those portions of the Magistrate Judge's Report–Recommendation to which Gant objects, the Court concludes that the objections are without merit.

## I. FACTUAL BACKGROUND

Gant seeks a writ of mandamus to compel the Federal Bureau of Investigation ("FBI") to "investigate his complaint thoroughly and bring the perpetrators to justice." Am. Pet. for Writ of Mandamus. Gant alleges that in January 1994, while he was a patient at the Richwood Area Medical Center, he was given powerful antipsychotic drugs and removed from the facility without his or his wife's consent and against his will. He describes this event as a substance abuse intervention. After being drugged, he was allegedly removed across state lines to Ridgeview Institute in Georgia where he was placed in a locked ward. He acknowledges that after one week, he gave his consent to remain in the Institute and complete its treatment program.

Gant believes the activities of drugging and taking him, without his consent, across state lines to a locked facility are grounds for an FBI criminal investigation. Accordingly, Gant filed a sworn affidavit with the FBI on December 16, 1994. The FBI forwarded a requested copy of Gant's allegations to Chief Deputy United States Attorney Charles Miller. Miller had prosecuted Gant in a separate criminal action.[1] After review of the allegations, Miller advised the FBI that no further investigation was necessary because the facts alleged did not constitute kidnapping. Miller also stated that, because Gant had given consent at Ridgeview Institute, such consent "could easily be construed as a ratification" for the previous actions. Ex. B, Resp. Mot. After Miller's instruction, the FBI did not investigate further.

On December 4, 1997 the FBI filed a motion to dismiss, arguing that Gant has no cause of action for a writ of mandamus against the FBI as a matter of law. The Magistrate Judge recommended granting the FBI's motion. The Magistrate Judge found Gant requested a writ compelling the Attorney General to "bring the perpetrators to justice" but that the Attorney General's decision whether to prosecute is purely discretionary.[2] Gant objects, arguing that he

[1]. Gant alleges that Miller's request for the affidavit was improper. Because Miller prosecuted Gant, Gant argues Miller had a conflict of interest and should not have been involved in the decision of whether to investigate his complaint. Because a writ of mandamus will not issue where there is no clear mandatory or ministerial duty involved, the Court need not reach this issue.

[2]. In his Report–Recommendation, the Magistrate Judge found:

The respondent correctly notes that the petitioner has failed to name an individual as respondent as required by statute. The petition seeks not only an investigation, but also, the prosecution of the alleged perpetrators which would mean that the petition is, in essence, a petition for writ of mandamus against the Attorney General of the United States. The official discretion of the Attorney General is not subject to control by the judiciary at the insistence of private persons. *Dacey v. Dorsey*, 568 F.2d 275, 277 (2d Cir.1978). Accordingly,

the Attorney General of the United States and the United States Attorney are not subject to an action in mandamus. *Peek v. Mitchell*, 419 F.2d 575 (6th Cir.1970). Mandamus is only appropriate when the act to be performed is ministerial. It is not appropriate when the act to be performed is discretionary. *Eveland v. Director of C.I.A.*, 843 F.2d 46 (1st Cir.1988).

Furthermore, the letters attached as Exhibits A, B, and C to the respondent's memorandum supporting its motion to dismiss show that the petitioner's allegations regarding kidnapping were not meritorious under the underlying facts of this case.

Report-Recommendation at 3. *See also Balawajder v. Russoniello*, Nos. 87–1686, 88–2591, 1989 WL 37244, *2 (9th Cir. Apr.14, 1989) (stating "the decision whether to prosecute is left to the United States Attorney's discretion and generally is not reviewable by the courts"). Because the Magistrate Judge fully addressed the discretionary nature of the Attorney General's decision whether to prosecute, the Court confines its discussion to the nature of the FBI's decision whether to investigate.

seeks to compel the FBI to investigate the complaint, not to compel the Attorney General to prosecute. Although the Court adopts and incorporates the findings and recommendations of the Magistrate Judge, the Court also finds the petition properly is dismissable on alternative grounds.

## II. DISCUSSION

 The Court assumes[3] this action is brought under 28 U.S.C. § 1361 which states, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]." For the issuance of a writ of mandamus to be proper, three elements must coexist: " '(1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available.' " *First Fed. Sav. & Loan Assoc. of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir.1988) (citations omitted). Mandamus is an "extraordinary" remedy and will only issue where "the alleged duty to act involves a mandatory or ministerial obligation which is so plainly prescribed as to be free of doubt." *Id.* (citations omitted).

Gant alleges mandamus is appropriate in the instant situation. Without supporting legal arguments, he states several conclusions: (1) he has a clear right to the remedy under the Equal Protection clause of the United States Constitution; (2) the FBI has a clear duty to investigate because that is one of FBI's mandates and (3) there is no other remedy available because Gant has no mandated authority to conduct an investigation.

 Mandamus will not lie because the FBI has no "clear duty to do the particular act requested." The FBI's decision to investigate a complaint is not a "mandatory or ministerial obligation ... so plainly prescribed as to be free of doubt." The Court can find no binding mandate requiring the FBI to investigate every complaint filed. Instead, 28 U.S.C. § 535(a) states the FBI "may investigate" crimes under Title 18 involving a Government official or employee. Courts have described this as a "discretionary rather than mandatory authority" to investigate. *Agunbiade v. United States*, 893 F.Supp. 160, 163 (E.D.N.Y.1995); *see also Balawajder*, 1989 WL 37244 at *2 ("28 U.S.C. § 535 states that the FBI may investigate violations of title 18, leaving the decision to investigate within the FBI's discretion. Mandamus will not issue to compel the ... FBI to perform these discretionary responsibilities."). Because the second element necessary for a writ of mandamus is absent, the Court need not consider the remaining elements for mandamus.

Accordingly, the Court adopts and incorporates the findings and recommendation of the Magistrate Judge with the foregoing modification and **ORDERS** (1) that Respondent's motion to dismiss be **GRANTED**, (2) that the petition for writ of mandamus and amended petition for writ of mandamus be **DENIED**; and (3) that this action be dismissed from the docket of the Court.

---

**3.** Gant has never stated under what provision of the United States Code this petition is brought.